UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
| v. | ) | Criminal No. 18-10017-GAO |
| JOHN H. NARDOZZI, | ) |  |
| Defendant | ) |  |

## ORDER ON DEFENDANT'S MOTION TO MODIFY PROTECTIVE ORDER

September 24, 2018

Hennessy, M.J.

Defendant has moved to modify the Protective Order entered in this case (Docket #38). The United States has filed an opposition (Docket #43) and Defendant filed a reply (Docket #47). After filing his reply, Defendant moved for leave to file under seal a statement pursuant to Fed.R.Crim.P. 16(d)(1). The Court held a hearing, which included a sealed, ex parte conference with Defense Counsel, on September 20, 2018. At the hearing it granted the motion to file the Rule 16(d)(1) statement under seal. For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.

I. Background

In an indictment filed on January 18, 2018, Defendant John H. Nardozzi was charged with Conspiracy to Defraud the United States (Klein Conspiracy), and eight counts of Aiding in the Filing of False Tax Returns. See Docket #3. On February 27, 2018, the United States moved for a blanket protective order under Federal Rule Criminal Procedure 16(d), to protect documents and

1

information, including "personal identification information and financial information" of or involving third parties, that the United States expected to produce in discovery. See Docket #19. Generally, the order barred Defendant from disclosing documents, records or other files produced in discovery to anyone other than potential fact and expert witnesses. Id. Further, in connection with producing documents to any potential witness, the Order required Defense Counsel to explain the Protective Order to the person, have the person sign a prepared "Agreement To Be Bound By Order" form appended to the Protective Order ("Compliance Agreement") that the person agrees to comply with the Protective Order, and finally that Defense Counsel file under seal and ex parte all such signed forms. Id. Defendant assented to the motion. Id. The following day, the Court allowed the motion and entered the Protective Order. See Docket #20 – 21. Since entry of the Protective Order, the United States has produced over 193,000 pages of documentation. See Docket #43 at p. 3. Six months after entry of the Protective Order, Defendant filed the instant motion proposing six modifications to the Protective Order. See Docket #38. They are as follows:

A. Modifications 1 and 2

Protective Order, Paragraph 3, requires that before Defense Counsel discloses a document to a person, counsel explain the terms of the Protective Order to the person, obtain his or her agreement to comply with its terms and his or her endorsement on the Compliance Agreement, which counsel shall file ex parte and under seal; or, if the person refuses to endorse the Compliance Agreement, file a notice (ex parte and under seal) with the Court that the Protective Order was explained to the person.

Modification 1: Defense Counsel do no more than provide a person to whom disclosure is made with a copy of the Protective Order and maintain a list of all persons to whom disclosure has been made.

Modification 2: Delete the requirement that the person endorse the Compliance Agreement which recites that the requirements of Paragraph 3 have been met and the person agrees to comply.

B. Modification 3

The Protective Order, Paragraph 2, in relevant part, applies the same obligations Defense Counsel has with respect to a person, to an expert witness, and further prohibits the expert witness from making copies of materials produced.

Modification 3: Require counsel do no more than provide a copy of the Protective Order to the expert witness, and delete the prohibition on copying materials so long as all such copied materials are returned to counsel at the conclusion of the case.

C. Modification 4

Withdrawn by Defendant. See Docket #47 at p. 2.

D. Modification 5

The Protective Order is silent on the matter addressed in Modification 5.

Modification 5: Add the following language to the Protective Order: "The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that sensitive materials shall be filed under seal absent prior permission from this Court."

The United States has no objection to Modification 5, so long as the last phrase, beginning with "except that" is stricken. Defendant agrees with striking this last phrase.

E. Modification 6

The Protective Order is silent on the matter addressed in Modification 6.

Modification 6: Add the following language to the Protective Order: "Nothing contained in this Order shall preclude any party from applying to the Court for further relief for modification of any provision hereof."

II. Relevant Law

Federal Rule of Criminal Procedure 16(d)(1) provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Although Rule 16(d)(1) does not define "good cause," in United States v. Swartz, 945 F.Supp. 2d 216 (D.Mass. 2013), the Court found that "it is appropriate to analyze the 'good cause' requirement under the criminal rules in light of precedent analyzing protective orders in civil cases." Id. at 219

3

(agreeing with United States v. Bulger, 283 F.R.D. 46, 52-53 (D. Mass. 2012)). Borrowing from civil precedent, courts "weigh[] and balanc[e] a number of relevant factors. Id. (alterations original). "Those factors include, inter alia, any change in circumstances necessitating modification, a party's reliance upon the protective order when it produced discovery materials and the privacy interests of third parties." Id. at 219-20 (citing Bulger, 283 F.R.D. at 53-55); see also Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 791 (1st Cir. 1988) (noting "it would seem unfair to remove" protection if original protective order rested on rationale of inducing a party to allow opponent access to discovery subject to such an order).

Here, the Court entered a "blanket" protective order. It "extend[s] broad protection to all documents produced by [the Government], without a showing of good cause for confidentiality as to any individual documents." Bulger, 283 F.R.D. at 52-53 (first alteration original; quoting Public Citizen v. Liggett Group, Inc., 858 F.2d 755, 790 (1st Cir. 1988)). "[B]lanket protective orders are more likely subject to a modification than protective orders based upon a document by document review." Id. at 54; see also Public Citizen, 858 F.2d at 790 ("blanket protective orders … are by nature inclusive and are, therefore, peculiarly subject to later modification.").

III. Analysis

At the outset, it is important to bear in mind that the modifications in dispute here, Modifications 1 through 3 and 6, do not seek to alter the scope of information protected, but the protocol that should be followed when Defendant discloses information to a person. Modifications 1 and 2 seek to eliminate the requirement that counsel explain to every (non-expert) person to whom disclosure is made the terms of the Protective Order, obtain a verbal assurance that the witness will abide by the terms, and memorialize such process by having the witness endorse the Compliance Agreement which shall be filed with the Court ex parte under seal. Instead, Defendant

proposes that counsel simply provide any such person with a copy of the Protective Order and maintain a list of all witnesses to whom disclosure is made. Modification 3 would prescribe the same simplified protocol with respect to persons who may become an expert witness, and would further allow such potential expert witness to make copies of discovery for use in defending the case upon an assurance that such copies will be destroyed at the end of the case. Modification 6 merely recites that the Protective Order is not intended to operate as a restriction on the right of a party to move for modification.

Applying the factors recited above, I deny the motion for Modifications 1, 2 and 3, with one change intended to address concerns raised in Defendant's sealed ex parte Rule 16(d)(1) filing. Generally, the motion is not supported by a change in circumstances warranting the modifications. Defendant's memorandum in support cites no facts supporting a finding of changed circumstances. His Reply Memorandum belatedly argues that Defendant gave his assent to the Protective Order when his attention was focused on other matters, such as release, and Defendant did not anticipate that he would need to call an expert witness (who would be subject to terms Defendant now characterizes as onerous).[1]

Insofar as Defendant argues he failed to anticipate the need for an expert, I am not persuaded. This is a tax prosecution. Defendant is an accountant. His attorney is experienced both prosecuting and defending criminal cases. As noted by the Government at the hearing, as long ago as the March 2018 status conference, counsel were discussing schedules for expert disclosures. I am not convinced that the need for an expert was not apparent at the inception of this case and thus reject Defendant's argument. It may well be true that other pressing matters gave Defendant less time to focus on terms of the Protective Order, but the document is only four

---

[1] After his Reply Memorandum, Defendant moved for leave to file a sealed statement under Fed.R.Crim.P. 16(d)(1), which introduces other information in support of changed circumstances.

paragraphs, filling two and half pages; and in any case, Defendant's focus on other matters at the time the Protective Order was submitted recites a static, and not a changed, circumstance. See Bulger, 283 F.R.D. at 54 ("Modifying or lifting an existing protective order implies a changed circumstance or a new situation warranting such relief.") (citations omitted).

Treating the second and third factors together, I also find it would be unfair to the Government and, more particularly to those individuals and business organizations whose sensitive financial and tax information was disclosed, to allow Modifications 1 through 3, as proposed. In its motion for the Protective Order, the Government stated that discovery included financial records, personal and corporate tax returns, sensitive email communications, proprietary and internal business communication, of, among others, third parties who are not involved with the prosecution. See Docket #19 at 1. The Government asserts in its opposition to the instant motion to Modify that it relied on the Protective Order in disclosing documents which contain this sensitive third party information. Its assertion is consistent with the record in this case which shows that before producing any discovery in this case, the Government secured the Protective Order. Compare Dockets ##19 and 21 (motion for and entry of Protective Order) and Docket #25 (reporting production of 73,000 pages of discovery on date Protective Order allowed). Through Modifications 1 through 3, Defendant, in effect, seeks to keep the benefit of the agreement he struck without its corresponding obligations. In the Court's view, this is unfair to the Government, and a disservice to the individuals and business organizations whose sensitive information the Government sought to protect.

Lastly, I raise one other factor, and that is the difficulty or effort in compliance. I do not find the protocol to be so rigorous that modification is appropriate. I appreciate the benefit of expediency and efficiency, and Modifications 1 through 3, serve those ends. But, some

administrative burden is inevitable in executing a protective order. The burdens here are not so onerous that Modifications 1 through 3 should be allowed, as proposed.

So I reject Modification 1 through 3, but with two caveats. First, the Government has agreed that the requirement that Defendant explain the terms of the Protective Order can be deleted. Thus, it agrees for purposes of this prosecution, that providing a copy of the Protective Order along with the Compliance Agreement (which the person is required to sign and which Defendant is required to keep) is sufficient. In light of this concession from the Government, the motion to Modify is ALLOWED IN PART; Defense Counsel is not required to explain the terms of the Protective Order to a person to whom disclosure is made.

Second, Defendant's sealed and ex parte Rule 16(d)(1) presents information that I believe establishes changed circumstances. However, I find that the changed circumstances do not justify the wholesale adoption of Modifications 1 through 3. One amendment is justified in light of the changed circumstances and it is as follows: instead of filing with the Court under seal and ex parte the signed "Agreement To Be Bound By Order" executed by each person to whom disclosure is made, Defense Counsel shall:

File at the conclusion of trial or, in the event of a conviction, sentencing under seal and ex parte an affidavit reciting the number of "Agreement To Be Bound By Order" forms in its custody as a result of complying with the terms of the Protective Order:

And to serve the original "Agreement To Be Bound By Order" forms in its custody as a result of complying with the terms of the Protective Order on the presiding District Judge or the Miscellaneous Judge if and when directed to do so;

To preserve such forms until granted permission by the Court to destroy them. Defense counsel may apply to the Court, upon notice to the Government, at any time after the later of verdict or sentencing for permission to destroy such Compliance Agreement forms.

CONCLUSION

On such a record, Defendant has failed to justify Modifications which upset the expectations of the parties as memorialized in the Protective Order, and the protections it affords third parties.  Accordingly:

Modification 1, 2 and 3 are DENIED except that:

> Defense Counsel is not required to explain the Protective Order to a person.
>
> Defense Counsel is required to provide a copy of the Protective Order to a person.
>
> Defense Counsel is not required to file copies endorsed "Agreement To Be Bound By Order" forms.  Rather, at the conclusion of the trial or sentencing, whichever is later, Defense Counsel shall file an affidavit reciting the number of such endorsed forms in its custody as a result of complying with the terms of the Protective Order.
>
> Defense Counsel shall maintain such endorsed forms in a secure place and serve them on the Court if and when directed to do so.
>
> Defense Counsel may apply, upon notice to the Government, for to permission to destroy such forms.

Modification 5 is allowed with one amendment, the phrase: "except that sensitive materials shall be filed under seal absent prior permission from this Court" shall be stricken.

Modification 6 is ALLOWED.

All other provisions of the Protective Order remain in full force and effect.

An amended Protective Order, reflecting these changes (including striking from the "Agreement To Be Bound By Order" that the terms of the Protective Order have been explained to the person), shall be submitted for the Court's signature.

    / s / David H. Hennessy
David H. Hennessy
United States Magistrate Judge