UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
| v. | ) | Criminal No. 18-10017-GAO |
| JOHN H. NARDOZZI, | ) |  |
| Defendant | ) |  |

## ORDER ON DEFENDANT'S MOTION FOR DISCOVERY

January 3, 2019

Hennessy, M.J.

Defendant has moved to discover documents generated in connection with an appeal to the Office of Appeals of the Internal Revenue Service ("IRS") by his former tax client, Brian A. Joyce. According to the motion, Joyce appealed an IRS assessment of taxes and penalties for a distribution of IRA assets that the IRS determined was unlawfully reported on Joyce's tax return as a qualified IRS rollover. For the reasons stated below, the motion is DENIED.

I.  Background

In an indictment filed on January 18, 2018, Defendant John H. Nardozzi was charged with Conspiracy to Defraud the United States (Klein Conspiracy), and eight counts of Aiding in the Filing of False Tax Returns. See Doc. 3. Nardozzi's conduct involved preparing tax returns for former State Senator Brian A. Joyce, his wife, and business entities associated with one or both of them.

1

According to the original discovery request, Nardozzi's motion, and the Government's opposition, in 2014, Joyce withdrew $400,000 from a Simplified Employee Pension – Individual Retirement Account ("IRA") and used those and other funds to purchase $471,250 in stock in a privately-held insurance brokerage company. The stock was issued in the name of Brian A. Joyce SEP-IRA and Mary Joyce SEP-IRA. Nardozzi prepared the tax return reflecting this event, treating the stock purchase as a rollover of IRA assets, and filed the return in September 2015. (The lawfulness of the tax treatment of these IRA assets is the basis of charges in the indictment.)

Thereafter, the IRS issued a notice to Joyce of an assessment of tax and penalty, finding that the transaction did not qualify as a rollover, but rather constituted a distribution to the taxpayer, triggering a penalty for early withdrawal of IRA assets, and a tax on the distribution. Joyce initiated an appeal or review of the IRS determination in the Boston IRS Office of Appeals ("Joyce Appeal"). No decision was rendered. It is the records of this appeal that Nardozzi seeks in discovery.[1]

II.     Analysis

In relevant part, Rule 16 permits a defendant to inspect or copy documents in the Government's possession, custody, or control that are "material to preparing the defense." See Fed. R. Crim. P. 16(a)(1)(E)(i). Here, the United States concedes possession of the IRS's file of the Joyce Appeal. See Doc. 68 n.2. The question then is whether the documents are material to preparing Nardozzi's defense. In addressing this showing, Nardozzi argues that if the Joyce Appeal file reflects an internal IRS dispute about the proper tax treatment of the IRA assets—taxable distribution or

---

[1] Nardozzi also seeks IRS records addressing the alleged misclassification of payments to Joyce from his law firm, a professional corporation. These payments were denominated "legal fees" on tax returns. The indictment alleges that these payments in fact were dividends and hence not properly deductible by the law firm as legitimate business expenses. The moving papers fail to show that this separate tax issue, though one of the subjects of the indictment, was the subject of Joyce's Appeal to the IRS. Accordingly, there is no basis to believe the production Nardozzi seeks would address this separate tax issue. Further, at the hearing, Nardozzi said he is not seeking the Joyce Appeal file for this purpose. It is therefore not addressed in this Order.

qualified rollover—then such information is exculpatory, and material to the preparation of his defense. I deny the motion because there are no responsive materials, and because Nardozzi's argument depends on speculation and plainly distinguishable case law.

First and foremost, the Government represented at the hearing that it had reviewed the Joyce Appeal file and that there is no information in it responsive to Nardozzi's discovery request. Even if I allowed the motion, on the basis of this representation, it would call for no production.

However, the motion fails to suggest a reason to question the Government's representation. Local Rule 7.1 requires that a party filing a motion also file "a memorandum of the reasons . . . why the motion should be granted." See Local Rule 7.1(b)(1). Nardozzi has failed to do this.[2] Nardozzi fails to set forth in this discovery motion facts or information that establish—or even suggest—the basis for his assertion that there is any disagreement within the IRS that Joyce's liquidation of IRS assets to buy privately-held stock was a proper rollover, and not a distribution to the taxpayer. No filing, including a sealed ex parte affidavit in which Nardozzi could have disclosed any sensitive defense information, identifies the basis for Nardozzi's claim. Indeed, somewhat tellingly, his submissions uniformly articulate his claim in conditional and qualified terms. For instance:

> The record of the [Joyce Appeal is] material to the . . . defense in this case if it would indicate ambiguity in the tax law forming the basis of the criminal charges in this case and in particular with respect to early withdrawal of SEP-IRA assets. See Doc. 60-1, at p. 1 (Discovery Letter).

---

[2] Nardozzi's offer, after briefing and at the conclusion of the hearing, to establish his reasons in a supplemental filing comes too late. An orderly disposition of motions requires compliance with Local Rule 7.1. Here, there was a full round of briefing and oral argument before Nardozzi's offer to supplement, raising the prospect, even with a second sealed, ex parte filing, of a need for further briefing and argument. Moreover, at a telephone hearing on January 2, 2019 to reconsider the request, Nardozzi offered no reason why the information was not, and could have been, presented as part of the original motion, if necessary in the ex parte, sealed filing Nardozzi did submit. While some flexibility is appropriate for oversight or the failure to recognize the importance of a fact, here the information Nardozzi failed to present is central to the merits of his motion. For these reasons, on reconsideration, I denied the request on the record. Finally, as noted, the Government represented at the hearing that it reviewed the file and there is no information in it responsive to Nardozzi's request.

If there is disagreement within the very agency responsible for administering the tax code about the correctness of the treatment used in a tax return, then the Defendant could not have willfully prepared fraudulent tax returns because there would be serious question[s] about whether the Joyces' rollovers were improper . . . . See Doc. 63, at p. 4.

Defendant maintains that the discovery sought could support defendant's motion to dismiss the indictment because, if there is an unresolved question within the IRS about the tax reporting of the pertinent facts and figures in this case, it supports a determination that Nardozzi did not have sufficient notice that his reporting of the . . . Joyce's . . . SEP-IRA rollovers constituted criminal conduct. See Doc. 71, at p. 3.

The Motion seeks the records of the Joyces' protest proceedings to show an inconsistency in the IRS agency's interpretations of the SEP-IRA rollover analysis that [Nardozzi] believes may exist. Id. at 5.

Nardozzi's articulation of his argument exposes its reliance on speculation. Lacking is a factual basis that supports directly or inferentially the central premise of the motion that there is internal IRS disagreement over the unlawfulness of the tax treatment of the IRA assets in question.

It is for this reason also—the fundamental lack of factual support of the existence of an internal IRS dispute—that the Critzer line of cases on which Nardozzi relies in his moving brief is inapposite. Each case involved objective evidence of a novel question of tax liability which, in turn, precluded a finding of foreseeability necessary to prove a tax crime. See United States v. Critzer, 498 F.2d 1160 (4th Cir. 1974) (reversing a criminal tax conviction where IRS and Bureau of Indian Affairs/Department of the Interior reached opposite conclusions about whether money earned from businesses on land held in trust for the Eastern Band of Cherokee Indians was taxable income); United States v. Garber, 607 F.2d 92, 96 (5th Cir. 1979) (en banc) (reversing a criminal tax prosecution for money earned from sale of blood where, among other things, an IRS expert conceded at trial that taxability of proceeds from giving up part of one's body was "a unique and undecided question in tax law"); United States v. Dahlstrom, 713 F.2d 1423, 1428 (9th Cir. 1983) (record supported a finding that legality of the tax shelter program at issue was "completely unsettled"). In each case, the courts observed that "when the law is vague or highly debatable, a

defendant—actually or implicitly—lacks the requisite intent to violate it." See Critzer, 498 F.2d at 1162; Garber, 607 F.2d at 98 (quoting Critzer); Dahlstrom, 713 F.2d at 1428 (quoting Critzer).

For purposes of this motion, what distinguishes these decisions from the instant case is the absence of a "vague or highly debatable" tax question that has the potential to divide the views the IRS or discrete departments of the Government. There is no supported allegation of "uncertain," "unchartered," and "completely unsettled" questions of tax law. For this separate reason, the motion is denied.

Finally, in Nardozzi's reply brief, he points to case law to support the argument that there is an absence of tax guidance about the requirements of a qualified IRS rollover. There is no evidence that Nardozzi relied on any of these cases in his treatment of the Joyce IRA disposition of assets; indeed, two cases were decided after the September 2015 filing at issue in this case. So, it is not possible to know whether Nardozzi relied on any particular decision in his treatment of the IRA assets here. However, if he did, the denial of Nardozzi's discovery motion is no impediment to his proving his reliance.

In any case, a reading of the cases does suggest a circumstance regarding a taxpayer's control of the IRA assets that is determinative of taxability. It was stated in one of the cases, Vandenbosch v. Commissioner of Internal Revenue, T.C. Memo. 2016-29 at pp. 12–13 (2016): "It is well settled that a taxpayer who receives amounts under a claim of right or without restriction as to its disposition must include such amounts in gross income." Thus, in the other two cases Nardozzi cites, there was no taxable event because the taxpayer never received or controlled the IRA assets. See Ancira v. Commissioner of Internal Revenue, 119 T.C. 135 at p. 3 (2002) (check to purchase private stock drawn by IRA custodian payable to company issuing stock; taxpayer not holder of, and could not negotiate, check); McGaugh v. Commissioner of Internal Revenue, 860 F.3d 1014,

5

1017 (7th Cir. 2017) (no actual or constructive receipt of IRA assets, and noting unquestionably there is no distribution where a beneficiary merely directs his custodian to purchase stock). Here, according to the parties, Joyce had unfettered control of IRA assets when he liquidated his IRA account, and used them to purchase stock. Accordingly, the case law, whether or not relied on by Nardozzi, rather than suggesting a "vague or highly debatable" tax question, suggests a settled standard by which distribution versus rollover is judged.[3]

## CONCLUSION

On such a record, Defendant has failed to show that the discovery he seeks is material to the preparation of his defense; indeed, that it exists at all. Accordingly, the motion is DENIED.

/ s / David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[3] It is for these reasons also that the undersigned summarily declined Defendant's request at the end of the December 20 hearing that the court conduct an in camera review of the Joyce Appeal file to address "any doubt the court might have." Based on the parties' submissions, and representations at the hearing, the Court does not have doubts about whether the file would support Nardozzi's theory and request.